RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>  vs.<br><br>HARLAN HALE,<br><br>     Defendant. | Case No. 1:19-cr-158-DCN-3<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, submits the following memorandum setting forth the Government's position at sentencing. The Government recommends that the Court sentence the Defendant to a term of life imprisonment.

## BACKGROUND

On May 14, 2019, a Boise Grand Jury indicted the Defendant and eight co-defendants with Conspiracy to Participate in a Racketeering Enterprise, Count One, in violation of 18 U.S.C. § 1962(d).  The Defendant was also charged in Count Two with Attempted Murder and Assault With a Dangerous Weapon in Aid of Racketeering, 18 U.S.C. § 1959(a)(3), (a)(5), and 18 U.S.C.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

§ 2. This case arises from Defendant's membership and participation in a white supremacist Idaho prison gang called the Aryan Knights ("AK"). On January 13, 2021, the Defendant entered a plea of guilty to Counts One and Two. There was no plea agreement.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

The maximum term of imprisonment for Conspiracy to Participate in a Racketeering Enterprise, as charged in Count One, is life imprisonment. 18 U.S.C. § 1962(d). The maximum term of imprisonment for Attempted Murder and Assault With a Dangerous Weapon in Aid of Racketeering, as charged in Count Two, is imprisonment up to twenty years. The maximum fine on each count is $250,000. 18 U.S.C. § 3571(b). The Court may impose a term of supervised

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

release of not more than five years on Count One, 18 U.S.C. § 3583(b)(1), and not more than three years on Count Two, 18 U.S.C. § 3583(b)(2).

## II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A. Offense Level Calculation

The Probation Office correctly calculated the Defendant's offense level at 41, which includes acceptance of responsibility. (Final PSR ¶ 92.)

### B. Criminal History Calculation

The Final PSR correctly determined the Defendant has seventeen criminal history points, resulting in a criminal history score of VI. (Final PSR ¶ 111.)

### C. Advisory Guideline Range

An offense level of 41 with criminal history category VI results in an advisory guideline range of 360 months to life.

## IMPOSITION OF SENTENCE

### I. Imposition of a Sentence under 18 U.S.C. § 3553

#### A. 18 U.S.C. § 3553(a) factors

##### 1. The nature and circumstances of the offense

The AK is a scourge within the Idaho Department of Correction ("IDOC") facilities. The hate-fueled gang engages in many types of criminal activity and casts shadows of intimidation, addiction, and violence over prison life. The gang operates in ways that drain IDOC's resources and detract from its rehabilitative mission.

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

The Defendant held a leadership role in the gang and participated in drug trafficking and violent assaults. The drug trafficking was extensive and involved significant quantities of methamphetamine. When debts went unpaid, the gang would use violence to collect. This is exemplified by such a situation in 2015. The Defendant assaulted another inmate for failing to pay a drug debt, then provided that inmate with additional drugs and required he sell the drugs in order to pay back the debt. (Final PSR ¶ 11.) The violence was not limited to non-members. In 2016, a former AK member (the victim) was stealing drugs from the gang and engaged in a sexual relationship that the gang disapproved of. (Final PSR ¶ 24.) The Defendant and two other gang members assaulted the victim with improvised knives. (*Id.*) During the attack, the Defendant stabbed the victim repeatedly. (*Id.*) The Defendant's participation in the gang's activities were substantial and justify a life sentence.

2. The history and characteristics of the defendant

The Defendant has a long history of committing acts of violence and victimizing others. His criminal record includes convictions for aggravated battery, use of a firearm during a crime of violence, felon in possession of a firearm, attempted murder, aggravated assault on law enforcement, escape, robbery, unlawful possession of a firearm by an addict, evading police, receiving stolen property, robbery of an inhabited house, taking a vehicle without the owner's consent, assault with a deadly weapon, possession of a controlled substance for sale, disorderly conduct, and receiving stolen property.

The facts of Defendant's crime spree from 2005 is illustrative. It started when police located the Defendant, a felon, with a handgun in his waistband. (Final PSR ¶ 102.) In order to escape capture, the Defendant attempted to run over an officer and thereafter led law enforcement on a perilous chase. (*Id.*) The Defendant was apprehended after crashing into a ditch and being shot at by officers. He was charged in state court. (Final PSR ¶¶ 102-103.) The

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

Defendant then escaped from the Ada County jail, carjacked a woman, and fled the state to Wyoming. (Final PSR ¶ 103, 107.) There, an officer observed the Defendant driving a vehicle with stolen license plates. (*Id.*) The officer attempted conduct a traffic stop and the Defendant fled. (*Id.*) The Defendant then stole a separate truck at gunpoint and continued to flee. (Final PSR ¶ 107.) During the pursuit, the Defendant exited the truck and attempted to carjack yet another individual. (*Id.*) When unsuccessful, the Defendant returned to the stolen truck and continued the chase until he crashed and fled on foot. (Final PSR ¶¶ 103, 107.) Officers finally caught the Defendant and arrested him. (*Id.*) As a result of this string of crimes, the Defendant was convicted in multiple jurisdictions and is serving a sentence of 25 years to life in IDOC, followed by a consecutive 384 months to be served for the two car jackings in Wyoming.

The Defendant continued his violent ways when he entered IDOC. He joined the AK and continued the same lifestyle in prison. This culminated in the stabbing of another inmate. (Final PSR ¶¶ 11, 19, 24.) There is no justification for his decision to join the AK and he should be held accountable for his participation in the racketeering enterprise. The paramount concern is the protection of society. A life sentence achieves that.

      3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The Defendant could have used his time in custody to better himself and to gain an outlook necessary for him rejoin society as a productive citizen. Instead, the Defendant further entrenched himself in his career as a criminal. The fact that he joined this conspiracy while in prison demonstrates a complete disregard of the rule of law. A life sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

      4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

The AK's activities extend well beyond the specific conduct of this Defendant. The AK's drug trafficking, extortion, and other crimes directly affect inmates that fall victim to the AK, and further, sets a dangerous tone throughout IDOC facilities. Gang members within the IDOC prison system, and throughout the county, need to be deterred. They must understand that joining a gang—whether a racial decision or not—is not a way to find a sense of belonging while serving a prison sentence. Rather, it is a crime that will lead to further incarceration and separation from their cohorts. The sentence for this Defendant can promote this objective by demonstrating that those who join gangs and commit serious acts of violence will be punished accordingly.

### 5. The established sentencing range

The advisory guideline range is 360 months to life imprisonment.

### 6. Implementing the Total Sentence of Imprisonment

Because the instant offense was committed while the Defendant was serving a sentence for an undischarged term of imprisonment, the guidelines provide for a consecutive sentence to the state sentences the Defendant is currently incarcerated on. U.S.S.G. §5G1.3(a). While this is a discretionary issue for the district court, the court should order such a sentence here.

As for Counts One and Two, because a sentence of life imprisonment is adequate to achieve the total punishment, the Government requests the court impose a life sentence on Count One, twenty years imprisonment on Count Two, and order they run concurrent to one another. U.S.S.G. § 5G1.2(c).

### B. Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

Commission and serves the vital goal of uniformity and fairness in sentencing. The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Nonetheless, "the Guidelines Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guideline sentence of life imprisonment.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of life imprisonment for the Defendant's commission of the crimes of Conspiracy to Participate in a Racketeering Enterprise and Attempted Murder and Assault With a Dangerous Weapon in Aid of Racketeering. The Government submits that a sentence of life imprisonment is necessary to accomplish the goals of sentencing and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 24th day of March, 2021.

> RAFAEL M. GONZALEZ, JR.
> ACTING UNITED STATES ATTORNEY
> By:
>
> */s Francis J. Zebari*
> FRANCIS J. ZEBARI
> JOSHUA D. HURWIT
> Assistant United States Attorneys

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2021, the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Randall Barnum<br>*Attorney for Harlan Hale*<br>randall@bhglaw.net | Email |

/s/ Francis J. Zebari _____
AUSA

**GOVERNMENT'S SENTENCING MEMORANDUM - 9**